# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ALEXANDER JUNG,<br><br>    Plaintiff,<br><br>  v.<br><br>THE HOME DEPOT,<br><br>    Defendant. | Case No.: 1:19-cv-00685 LJO JLT<br><br>ORDER STRIKING PLAINTIFF'S FIRST AMENDED COMPLAINT AND WITHDRAWING THE SUMMONS TO TRAVIS ULBERG; ORDER DETERMINING PLAINTIFF'S MOTION TO REMAND IS MOOT<br><br>(Doc. 8) |

    The plaintiff has filed a first amended complaint. (Doc. 8) Federal Rules of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, twenty-one days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

    The defendant filed an answer to the complaint on March 14, 2019. (Doc. 1 at 19-28) The defense removed this action to this Court two months later. (Doc. 1) Because the defense answered months ago, the plaintiff must obtain the defendant's consent or seek leave of the Court before filing an amended complaint. *See* Fed. R. Civ. P. 15(a)(2). The plaintiff has done neither. Thus, his first amended complaint filed June 14, 2019 (Doc. 8) is **STRICKEN** and the summons issued to Travis Ulberg is **WITHDRAWN**.

1

In addition, the plaintiff has filed a motion to remand based exclusively on the fact that he has added a non-diverse defendant in his first amended complaint. (Doc. 9) Because the amended complaint is being stricken here, the basis for the motion to remand is eliminated making the motion to remand moot. Therefore, the motion to remand is **terminated**.

IT IS SO ORDERED.

Dated: __**June 19, 2019**__     _____**/s/ Jennifer L. Thurston**_____
UNITED STATES MAGISTRATE JUDGE